

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00066-CR

CODY WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 21F1636-102

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

# MEMORANDUM OPINION

As a result of his violent encounter with a juvenile he met online, a Bowie County jury convicted Cody Williams of possession of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams,[1] aggravated kidnapping,[2] unlawful possession of a firearm by a felon,[3] and aggravated robbery.[4] The jury assessed Williams's punishment at four years' imprisonment for possession of a controlled substance, fifty years' imprisonment for aggravated kidnapping, eight years' imprisonment for unlawful possession of a firearm by a felon, and twenty years' imprisonment for aggravated robbery. The trial court imposed the assessed sentences and ordered that they run concurrently.

In this appeal, Williams appeals his conviction for aggravated robbery.[5] Williams contends that the trial court erred when it (1) struck a venireperson for cause and (2) denied his request to sever the charge of unlawful possession of a firearm by a felon for a separate trial.

Williams raised identical issues and made virtually identical arguments in the appeal of his possession of a controlled substance conviction. Because these issues are identical to those addressed in our opinion in cause number. 06-23-00063-CR, we overrule these issues for the reasons stated in that opinion.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.).

[2]*See* TEX. PENAL CODE ANN. § 20.04(b).

[3]*See* TEX. PENAL CODE ANN. § 46.04(a)(1) (Supp.).

[4]*See* TEX. PENAL CODE ANN. § 29.03(a)(2).

[5]In our cause numbers 06-23-00063-CR, 06-23-00064-CR, and 06-23-00065-CR, Williams appeals his convictions for possession of a controlled substance, aggravated kidnapping, and unlawful possession of a firearm by a felon, respectively.

We affirm the trial court's judgment.


Jeff Rambin
Justice

Date Submitted:     November 14, 2023
Date Decided:       November 27, 2023

Do Not Publish